**SCHIEBLER v. KEYSTONE MILLS CO. et al.**
No. 2665.

Court of Civil Appeals of Texas. Beaumont.
Oct. 25, 1935.

Rehearing Denied Nov. 20, 1935.

John B. Poindexter, Jr., and House, Wilson & House, all of Dallas, for appellant.

John C. Townes, Jr., of Houston, J. L. Pitts and Foster, Williams & Nicholson, all of Conroe, and Fouts, Amerman, Patterson & Moore, of Houston, for appellees.

WALKER, Chief Justice.

On the .17th day of November, 1933, appellant, F. C. Schiebler, instituted·this suit in the district court of Montgomery county in the form of trespass to try title, against appellees, Keystone Mills et al., to recover an interest in 100 acres of land in the Lemuel Smith survey in Montgomery county. Appellant claimed his interest in the land under and through a warranty deed dated the 28th day of February, 1903, executed by A. J. White and wife to "Mattie E. Schiebler, Laura A. Williamson and Joan Walters," with the habendum clause running to "Mattie E. Schiebler, Laura A. Williamson and Joan Walters, their heirs and assigns forever." The deed recited a cash consideration of $100 "in hand paid by Mattie E. Schiebler, wife·of Fred Schiebler, Laura A. Williamson, wife of William N. Williamson, and Joan Walters, wife of William Walters, children and sole heirs of Wm. H. Jackson and Hannah Jackson, wife of said Wm. H. Jackson." Appellant was the Fred Schiebler named in the deed as the husband of Mattie E. Schiebler. On the 14th day of July, 1897, by decree of the district court of Montgomery county, Mattie Schiebler was divorced from appellant; the decree made no disposition of the community property of the marriage. She subsequently married J. J. Worley. Appellant also married a second time. When this. case was tried appellant and Mrs. Laura A. Wil-

liamson were the only living parties connected with the transaction.

It is the contention of appellant that Mrs. Mattie E. Schiebler's interest in the land was conveyed to her as the community property of their marriage, and in the lower court he claimed an undivided one-half interest in the one-third interest conveyed to her by the deed of the 23d of February, 1893. Appellees' theories of the case were submitted to the jury by the following issues, answered as indicated:

"Special Issue No. 1. Do you find from the evidence that William Walters paid the consideration of $100.00 for the deed from John White and wife, Stacey White, to Mattie E. Schiebler and her sisters, which was introduced in evidence in this case? Answer: 'Yes.'

"Special Issue No. 2. Was such payment made by William Walters as a gift for the use and benefit of his wife Joan Walters and the other grantees named in said deed? Answer: 'Yes.'

"Special Issue No. 3. Do you find from the evidence that F. C. Schiebler paid the consideration of $100.00 for the deed from John White and wife to Mattie E. Schiebler and the other grantees named in said deed? Answer: 'No.'

"Special Issue No. 4. If you have answered 'Yes' to the foregoing and only in that event Special Issue No. 3, then was such payment made as a gift for the use and benefit of Mattie E. Schiebler and her sisters named in said deed? Answer: '_____.'

"Special Issue No. 5. Was Mattie E. Schiebler named as a grantee in the deed from John White and wife, Stacey White, with the knowledge and consent of F. C. Schiebler? Answer: 'Yes.'

"Special Issue No. 6. Do you find from the evidence that there was an agreement, or understanding, between F. C. Schiebler and Mattie E. Schiebler about the time of their divorce, or subsequent thereto, that the property in controversy in this suit should belong to the said Mattie E. Schiebler and that F. C. Schiebler should take other property and that the parties appropriated to themselves respectively the property so allotted? Answer: 'Yes.'

"Special Issue No. 7. Was a part of the consideration for the deed from John White and wife to Mattie E. Schiebler and her sisters in settlement and satisfaction of a claim of W. H. Jackson and wife and their heirs to the land in controversy? Answer: 'Yes.'"

On the verdict of the jury judgment was entered for appellees against appellant for the land in controversy.

By his assignments of error appellant presents propositions to the effect that the verdict of the jury is without support in the evidence.

These assignments are overruled.

■ The evidence in support of issue No. 7 was to the effect that before the execution of the deed from White to the three daughters of Wm. H. and Hannah Jackson the 100 acres of land was known as the Jackson place; that old man Jackson and his wife had lived on this land a long time and claimed it as their home; the grantees in the deed were described as the "sole heirs of Wm. H. Jackson and Hannah Jackson, wife of said Wm. H. Jackson"; the consideration named in the deed was only $100, and the proof was that only $100 was paid for the land; subsequent to Mattie Schiebler's divorce from appellant the land was rendered for taxes one year as a part of the Jackson estate; this transaction was more than 40 years old and all the interested parties were dead except appellant and Mrs. Laura A. Williamson, who, though present at court under the supervision of appellant, did not testify. We think these circumstances were sufficient to raise the issue submitted by question No. 7 and the jury's answer thereto.

■ Question No. 1 has satisfactory support in the evidence of the witness R. R. Walters, who was the brother of William Walters named in question No. 1. R. R. Walters testified that William Walters paid the $100 consideration named in the deed. His testimony on this issue was so clear that it would serve no useful purpose to quote from the statement of facts.

■ The evidence in support of question No. 2 was circumstantial. R. R. Walters testified that after the deed was executed it was delivered to Mattie Schiebler, and all the evidence was to the effect that she retained the deed in her possession. Though appellant testified that he furnished the money to pay for the land, the jury, on satisfactory evidence, found that the money was paid

by William Walters. Accepting this finding as the truth of the case, then, in support of question No. 2, the record shows the following circumstances: (a) There was no contention by appellant that any part of the $100 was repaid by him or any one else to William Walters, or that William Walters was ever reimbursed in any way for the $100, or any part thereof. (b) Appellant never asserted any claim to the land subsequent to the divorce until oil was discovered thereon shortly before the institution of this suit. (c) After the divorce this land was assessed for taxes one year as part of the Jackson estate, and was subsequently claimed by Mattie Schiebler (Worley) as her separate property and sold by her and her second husband as such. These circumstances raised the issue submitted by question No. 2, and support the jury's answer thereto.

The assignment against certain statements made by appellees' counsel in the presence of the jury is overruled; clearly this contention is without merit.

In our judgment, all the other answers have abundant support in the record, but, as the answers to questions 1, 2, and 7 support the judgment, Janes v. Gulf Production Co. (Tex.Civ.App.) 15 S.W. (2d) 1102 (writ refused), and authorities therein cited, it would serve no useful purpose to review the testimony in support of the other issues.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.